**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:20-cv-01174-CMA-NYW

JEFFREY BECKMAN, M.D.,

      Plaintiff,

v.

EMERGENCY SERVICE PHYSICIANS, INC. d/b/a US ACUTE CARE SOLUTIONS, and U.S. ACUTE CARE SOLUTIONS HOLDINGS, LLC,

      Defendants.

---

**ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT WITH JURY DEMAND**

---

Defendant Emergency Service Physicians, Inc. ("ESP")  and Defendant U.S. Acute Care Solutions Holdings, LLC ("USACSH") by and through their attorneys, Jackson Lewis, P.C., respectfully submit their Answer and Affirmative Defenses to Plaintiff's Complaint with Jury Demand, as follows:

**PARTIES**

1. Plaintiff Dr. Jeffrey Beckman is an individual who resides in Jefferson County, Colorado.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 1 of the Complaint and therefore denies the same.

2. Defendant Emergency Service Physicians, Inc. d/b/a US Acute Care Solutions ("USACS") is a Colorado corporation, with its principal place of business at 8300 W. 38th Avenue, Wheat Ridge, CO 80033, United States.

1

**ANSWER:**  Defendant admits the allegations in Paragraph 2 of the Complaint.

3.  Defendant U.S. Acute Care Solutions Holdings, LLC ("USACS Holdings") is a Delaware limited liability company, with its principal place of business in Canton, Ohio.

**ANSWER:**  Defendant admits the allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.  This action arises in part under the False Claims Act (FCA), 31 U.S.C. §§ 3729 — 3733, and the jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

**ANSWER:**  Defendant admits the allegations in Paragraph 4 of the Complaint.

5.  Venue is proper in this Court, because defendant USACS is a resident of the State of Colorado and a corporation existing by virtue of the laws of Colorado, all actions complained of were carried out within the State of Colorado, and Plaintiff was employed by and contracted with Defendants within the State of Colorado.

**ANSWER:**  Defendant admits the allegations in Paragraph 5 of the Complaint.

## FACTUAL ALLEGATIONS

6.  Dr. Beckman is a physician who is board-certified in emergency medicine, has been licensed to practice medicine by the State of Colorado continuously since 2001, and is a Fellow of the American College of Emergency Physicians.

**ANSWER:**  Defendant admits the allegations in Paragraph 6 of the Complaint.

7.  USACS is a company engaged in the business of contracting with hospitals to provide doctors to staff emergency rooms, in exchange for payment of various fees.

**ANSWER:** Defendant admits that a portion of its business involves contracting with hospitals to staff emergency rooms, in exchange for payments of various fees, and denies any other allegations of implications arising from the allegations in Paragraph 7 of the Complaint.

8. Dr. Beckman and Defendant USACS entered into an employment agreement on July 1, 2016 (the "Employment Agreement" or "Agreement"). The Agreement is attached hereto as **EXHIBIT 1.**

**ANSWER:** Defendant admits the allegations in Paragraph 8 of the Complaint.

9. The Employment Agreement provided that USACS would employ Dr. Beckman to render emergency medical services at facilities with which USACS had contracted for emergency department staffing.

**ANSWER:** With respect to the allegations of Paragraph 9 of the Complaint, Defendant states that the Agreement speaks for itself and Defendant denies any allegations in Paragraph 9 of the Complaint that are inconsistent therewith.

10. Dr. Beckman worked in the Colorado West division of USACS, which provides emergency department staffing to facilities owned by SCL Health — Front Range, Inc. ("SCL").

**ANSWER:** Defendant admits the allegations in Paragraph 10 of the Complaint.

11. While employed by USACS, Dr. Beckman, with the knowledge and consent of USACS, also served as Medical Director for a number of government agencies that provide Emergency Medical Services ("EMS"), including the Arvada Fire Department.

**ANSWER:** Defendant admits the allegations in Paragraph 11 of the Complaint.

12. SCL pays a stipend to USACS for the services that USACS physicians such as Dr. Beckman provide, both in- and out-of-hospital, to EMS agencies surrounding SCL's Lutheran Medical Center ("Lutheran"), including Arvada Fire.

**ANSWER:**  Defendant admits the allegations in Paragraph 12 of the Complaint.

13. Due to this proximity, Arvada Fire frequently transports patients to Lutheran for emergency medical treatment.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 13 of the Complaint and therefore denies the same.

14. During the summer of 2019, Dr. Beckman raised with the leadership of USACS — Colorado West concerns with the way USACS's contract with SCL is structured, with respect to the provision of ancillary services to EMS agencies by USACS physicians.

**ANSWER:**  Defendant admits that Dr. Beckman raised concerns in the summer of 2019 that he did not have sufficient control over USACS's contract with SCL, and denies all other allegations in Paragraph 14 of the Complaint.

15. After a period of internal review, SCL proposed that it begin contracting directly with EMS agencies.

**ANSWER:**  Defendant admits the allegations in Paragraph 15 of the Complaint.

16. Upon hearing this proposal, on September 16, 2019, at a meeting with USACS and SCL leadership in Lutheran's board room, Dr. Beckman raised concerns that the proposed contracting structure could cause violation of the federal Stark laws, 42 U.S.C. § 1395nn, and Anti-Kickback Statute, 42 U.S.C. § 1320a-7b.

**ANSWER:**  Defendant denies the allegations in Paragraph 16 of the Complaint.

17. During that meeting, Dr. Beckman explained that this proposal was likely to violate the Stark and Anti-Kickback Statutes because Lutheran would be in the position of directing the staff of the local fire departments to transport patients to Lutheran, for whose treatment Lutheran would be remunerated.

**ANSWER:** Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Arvada Fire expressed similar concerns over the proposed agreements.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 18 of the Complaint and therefore denies the same.

19. SCL's legal department's ongoing review of the contract structure led to concerns within USACS that income from SCL could be in jeopardy.

**ANSWER:** Defendant admits the allegations in Paragraph 19 of the Complaint.

20. On October 11, 2019, there was a meeting of USACS — Colorado West's physician staff, during which USACS's leadership raised the ongoing review by SCL of EMS agency arrangements.

**ANSWER:** Defendant admits the allegations in Paragraph 20 of the Complaint.

21. During this meeting, USACS' leadership expressed concern that the EMS-related revenue that USACS received from SCL was at risk.

**ANSWER:** Defendant admits the allegations in Paragraph 21 of the Complaint.

22. At that meeting, Dr. Beckman was openly blamed by members of the leadership and physician staff for putting the revenue at risk.

**ANSWER:**  Defendant admits that Dr. Beckman was blamed at the meeting for causing friction with SCL by misrepresenting that SCL was not committed to Emergency Medical Services, and denies all other allegations in Paragraph 22 of the Complaint.

23.  Also during that meeting, USACS Vice President, Dr. Homi Kapadia, threatened Dr. Beckman that "there will be repercussions."

**ANSWER:**  Defendant denies the allegations in Paragraph 23 of the Complaint.

24.  Earlier in 2019, Centura Health had attempted to recruit Dr. Beckman to join the emergency medicine department in its St. Anthony's Hospital ("St. Anthony's"), but he turned them down in August.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 24 of the Complaint and therefore denies the same.

25.  Following the October 11 meeting, Dr. Beckman reached out to Centura Health and quickly received confirmation that it remained interested in obtaining his services.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 25 of the Complaint and therefore denies the same.

26.  USACS provides emergency department staffing to St. Anthony's and other Centura Health facilities, through its Mountain North division.

**ANSWER:**  Defendant admits the allegations in Paragraph 26 of the Complaint.

27.  Dr. Beckman informed the leadership of USACS — Mountain North of his desire to transfer to that division and begin working at St. Anthony's, and they expressed their support for that transition.

**ANSWER:**  Defendant admits that Dr. Beckman informed one member of leadership of USACS – Mountain North of his desire to transfer to that division, and denies all other allegations in Paragraph 27 of the Complaint.

28.  On October 21, 2019, Dr. Beckman informed USACS — Colorado West of his intention to transfer to USACS — Mountain North.

**ANSWER:**   Defendant admits the allegations in Paragraph 28 of the Complaint.

29.  On October 24, 2019, USACS terminated Dr. Beckman, effective that day, without any prior notice.

**ANSWER:**  Defendant admits the allegations in Paragraph 29 of the Complaint.

30.  The Agreement provides that either party may terminate employment, with or without cause, "upon written notice to the other party of no less than ninety (90) days." **EXHIBIT 1, ¶** VII.B.1.

**ANSWER:**  With respect to the allegations of Paragraph 30 of the Complaint, Defendant states that the Agreement speaks for itself and Defendant denies any allegations in Paragraph 30 of the Complaint that are inconsistent therewith.

31.  Dr. Beckman was terminated without advance notice.

**ANSWER:**  Defendant admits the allegations in Paragraph 31 of the Complaint.

32.  The Agreement only allows termination without advance notice for the limited grounds set forth in Section VII.B.2, including "any act or omission of Physician-Partner that [...] constitutes a material act of dishonesty or fraud[,]" and "violation of the Practice's Code of Conduct and Ethics (as amended by the Practice from time to time) following exhaustion of any appeal or cure process provided for therein."

7

**ANSWER:** With respect to the allegations of Paragraph 32 of the Complaint, Defendant states that the Agreement speaks for itself and Defendant denies any allegations in Paragraph 32 of the Complaint that are inconsistent therewith.

33. The termination notice refers to "material dishonesty or fraud" and "violation of the Practice's Code of Conduct and Ethics" as grounds for Dr. Beckman's termination, without any further detail regarding what acts it is referencing.

**ANSWER:** With respect to the allegations of Paragraph 33 of the Complaint, Defendant states that the Agreement speaks for itself and Defendant denies any allegations in Paragraph 33 of the Complaint that are inconsistent therewith.

34. Dr. Beckman did not commit any act that constitutes a material act of dishonesty or fraud, as required for termination without advance notice.

**ANSWER:** Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Nor did Dr. Beckman violate USACS's Code of Conduct and Ethics. Furthermore, Dr. Beckman was never subject to any proceedings related to an alleged violation thereof.

**ANSWER:** Defendant denies the allegations in Paragraph 35 of the Complaint.

36. For termination for "cause," the Agreement prohibits USACS from terminating Dr. Beckman until after he "has been provided with actual or constructive notice and, if capable of being cure, a reasonable opportunity to so cure." *Id.* at ¶ VII.B.3.

**ANSWER:** With respect to the allegations of Paragraph 36 of the Complaint, Defendant states that the Agreement speaks for itself and Defendant denies any allegations in Paragraph 36 of the Complaint that are inconsistent therewith.

37. Dr. Beckman was given no notice or opportunity to cure any alleged "cause" for his termination.

**ANSWER:** Defendant admits the allegations in Paragraph 37 of the Complaint.

38. There was no "cause" for Dr. Beckman's termination, under the terms of the Agreement.

**ANSWER:** Defendant denies the allegations in Paragraph 38 of the Complaint.

39. The termination notice was hastily contrived pretext to terminate Dr. Beckman in retaliation for pushing back on proposed agreements that he believed would violate the Stark and Anti-Kickback Statutes.

**ANSWER:** Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Dr. Beckman owns 209,912 common units of equity ("Units") in USACS Holdings, which is USACS's parent company.

**ANSWER:** Defendant admits the allegations in Paragraph 40 of the Complaint.

41. The Units are subject to the Amended and Restated Limited Liability Company Agreement of the U.S. Acute Case Solutions Holdings, LLC ("Operating Agreement").

**ANSWER:** Defendant admits the allegations in Paragraph 41 of the Complaint.

42. The Operating Agreement gives USACS Holdings an option to purchase the Units following Dr. Beckman's separation from employment.

**ANSWER:** With respect to the allegations of Paragraph 42 of the Complaint, Defendant states that the Agreement speaks for itself and Defendant denies any allegations in Paragraph 42 of the Complaint that are inconsistent therewith.

43. Pursuant to the terms of the Operation Agreement, if USACS Holdings exercises its option to purchase, the purchase price is to be Fair Market Value, as defined therein, unless Dr. Beckman's separation resulted from a termination for cause. If the separation resulted from a termination for cause, then the purchase price is to be $1.

**ANSWER:** With respect to the allegations of Paragraph 43 of the Complaint, Defendant states that the Agreement speaks for itself and Defendant denies any allegations in Paragraph 43 of the Complaint that are inconsistent therewith.

44. As a result of the dispute concerning whether Dr. Beckman was terminated for cause, there is a corresponding dispute between the parties concerning the price which USACS Holdings must pay to purchase the Units.

**ANSWER:** Defendant admits the allegations in Paragraph 44 of the Complaint.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract – USACS)

45. Dr. Beckman incorporates and realleges each of the allegations in the paragraphs above as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference all of their prior factual averments, denials and defenses.

46. The Employment Agreement was a valid and enforceable contract between Dr. Beckman and USACS.

**ANSWER:** Defendant admits the allegations in Paragraph 46 of the Complaint.

47. USACS breached the Agreement when it terminated Dr. Beckman contrary to the provisions of the Agreement.

**ANSWER:** Defendant denies the allegations in Paragraph 47 of the Complaint.

48. USACS' breaches were a direct and proximate cause of Dr. Beckman' damages, which include but are not limited to lost income and the value of benefits, consequential damages, and forfeiture of USACS's ability to enforce the liquidated damages provision/restrictive covenants in the Agreement.

**ANSWER:** Defendant denies the allegations in Paragraph 48 of the Complaint.

### SECOND CLAIM FOR RELIEF
### (Retaliation under the False Claims Act – USACS)

49. Dr. Beckman incorporates and realleges each of the allegations in the paragraphs above as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference all of their prior factual averments, denials and defenses.

50. The False Claims Act's anti-retaliation provision, 31 U.S.C. § 3730(h), provides relief for an employee who was discharged or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee in furtherance of efforts to stop one or more violations of the False Claims Act.

**ANSWER:** With respect to the allegations of Paragraph 50 of the Complaint, Defendant states that the Act speaks for itself and Defendant denies any allegations in Paragraph 50 of the Complaint that are inconsistent therewith.

51. A physician's opposition to a contract believed to violate Stark laws or Anti-Kickback Laws is a proper basis for a claim under the FCA's anti-retaliation provision. *Tibor v. Michigan Orthopaedic Institute,* 72 F.Supp.3d 750 (E.D. Mich. 2014); *Ickes v. Nexcare Health Sys., L.L. C.,* 178 F. Supp. 3d 578 (E.D. Mich. 2016).

**ANSWER:**  Defendant states that the allegations in Paragraph 51 of the Complaint purport to state legal conclusions for which no responsive pleading is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 51 of the Complaint.

52. Dr. Beckman voiced his reasonable, good faith belief that SCL's proposed arrangements with EMS agencies and USACS would violate Stark and Anti-Kickback Statutes.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 52 of the Complaint and therefore denies the same.

53. By voicing these concerns, Dr. Beckman both upset SCL — which by far is the largest account and source of revenue for the division of USACS in which Dr. Beckman was employed – and caused SCL to reexamine existing arrangements pursuant to which it paid large stipends to USACS for EMS-related services.

**ANSWER:**  Defendant denies the allegations in Paragraph 53 of the Complaint.

54. USACS retaliated against Dr. Beckman by terminating his employment.

**ANSWER:**  Defendant denies the allegations in Paragraph 54 of the Complaint.

55. USACS 's illegal retaliation entitles Dr. Beckman to double back pay, front pay or reinstatement, and attorney fees.

**ANSWER:**  Defendant denies the allegations in Paragraph 55 of the Complaint.

### THIRD CLAIM FOR RELIEF
### (In the alternative to Plaintiff's False Claims Act claim – Wrongful Termination in Violation of Public Policy – USACS)

56. Dr. Beckman incorporates and realleges each of the allegations in the paragraphs above as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference all of their prior factual averments, denials and defenses.

57. Dr. Beckman opposed and refused to participate in SCL's proposed illegal arrangement with USACS and local EMS agencies.

**ANSWER:** Defendant denies the allegations in Paragraph 57 of the Complaint.

58. The proposed arrangement was contrary to the Stark and Anti-Kickback Laws, specific statutes relating to public health, safety, or welfare, and would undermine clearly expressed public policy.

**ANSWER:** Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Dr. Beckman was terminated for his opposition to and refusal to participate in the proposed arrangement.

**ANSWER:** Defendant denies the allegations in Paragraph 59 of the Complaint.

60. USACS was aware that Dr. Beckman opposed and refused to participate in the proposed arrangement because of his reasonable belief that such action was illegal.

**ANSWER:** Defendant denies the allegations in Paragraph 60 of the Complaint.

61. For his wrongful termination, Dr. Beckman is entitled to economic damages, damages for emotional distress, and punitive damages.

**ANSWER:** Defendant denies the allegations in Paragraph 61 of the Complaint.

### FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment – USACS Holdings)

62. Dr. Beckman incorporates and realleges each of the allegations in the paragraphs above as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference all of their prior factual averments, denials and defenses.

63. As owner of the Units, Dr. Beckman is a person interested under the Operating Agreement.

**ANSWER:** Defendant admits that Plaintiff owns Units under the Operating Agreement and denies the remaining allegations in Paragraph 63 of the Complaint.

64. A dispute has arisen under the Operating Agreement concerning the price which USACS Holdings must pay in order to purchase Dr. Beckman's Units.

**ANSWER:** Defendant admits that the parties have not agreed upon repurchase of Plaintiff's units, or the price for same, and denies all other allegations in Paragraph 64 of the Complaint.

65. That dispute may be resolved by entry of a judgment declaring the rights of the parties under the Operating Agreement.

**ANSWER:** Defendant denies that there presently is a dispute ripe for decision regarding the rights of the parties under the Operating Agreement, and denies all other allegations in Paragraph 65 of the Complaint.

## AS TO "PRAYER FOR RELIEF"

Defendants deny that Plaintiff is entitled to the relief requested in the WHEREFORE clause of his Prayer for Relief.

\*   \*   \*

## **AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff's Complaint, in whole or in part, fail to state a claim upon which relief can be granted.

2. Plaintiff's claims fail to the extent that they are untimely and/or barred by applicable statutes of limitations.

3. Plaintiff's claims fail, in whole or in part, to the extent that Plaintiff has failed to utilize and exhaust available administrative remedies and/or satisfy any prerequisites to suit.

4. Plaintiff has failed to mitigate his damages, if any.

5. Plaintiff's claims for damages must be reduced or dismissed to the extent that after-acquired evidence demonstrates that Plaintiff engaged in conduct which would have otherwise resulted in the termination of his employment.

6. Plaintiff's claims fail, in whole or in part, because Defendant treated Plaintiff lawfully and in good faith compliance with all applicable rules, regulations, and laws.

7. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, release and/or unclean hands.

8. To the extent Plaintiff suffered any damages or losses for which he seeks to hold Defendant responsible, those damages or losses were caused in whole or in part by Plaintiff's own acts, conduct, or omissions or the acts, conduct or omissions of third parties.

9. Defendant's decisions regarding Plaintiff were legitimate business decisions made in the best interest of Defendant.

10. Defendant would have made the same decisions with respect to Plaintiff regardless of any unlawful motive.

11. Any special damages Plaintiff seeks that have not been pled with specificity are barred.

12. Plaintiff's employment with Defendant was at-will and could be terminated by either party for any reason and at any time, with or without notice.

13. Plaintiff's claim for declaratory judgment is not now ripe for decision.

14. Plaintiff's claim for wrongful discharge in violation of public policy is barred by his FCA retaliation claim.

Defendant reserves the right to assert such other defenses and affirmative defenses that become available or appear during discovery in this action or otherwise and specifically reserve the right to amend their Answer for purposes of asserting such additional defenses and affirmative defenses.

Respectfully submitted this 2nd day of July, 2020.

JACKSON LEWIS P.C.

*s/ Timothy M. Kratz*
Timothy M. Kratz
Jeffrey H. McClelland
950 17th Street, Suite 2600
Denver, CO 80202
Telephone: (303) 892-0404
Fax: (303) 892-5575
Timothy.kratz@jacksonlewis.com
Jeffrey.mcclelland@jacksonlewis.com

*ATTORNEYS FOR DEFENDANTS EMERGENCY SERVICE PHYSICIANS, INC. AND U.S. ACUTE CARE SOLUTIONS HOLDINGS, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on this 2nd day of July, 2020, a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT WITH JURY DEMAND** was served via CM/ECF upon the following:

Brian T. Moore
Rachel I. Tumin
Jester Gibson & Moore, LLP
1999 Broadway, Suite 3225
Denver, CO 80202
bmoore@jgllp.com
rtumin@jgllp.com

*ATTORNEYS FOR PLAINTIFF*

*s/ Halle Gotfredson*
for Jackson Lewis P.C.